UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS LAMAR JAMES, JR.,

Plaintiff,

v.

JOHN DOES 1-10; et al.,

Defendants.

No. C 13-1820 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Dennis Lamar James, an inmate in custody at the Santa Rita County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

James alleges the following in his complaint:

In or about January 2012, James was paroled from the California Department of Corrections and Rehabilitations ("CDCR"). When he was released from prison, James "was given release medication for only a couple weeks." Docket # 1 at 4. He later explained to his parole agent, a clinical social worker for worked at the parole office, and a parole outpatient psychiatrist that he needed renewals on his prescription medication. In January and February 2012, he was in need of the medication that the CDCR and parole officials are "suppose[d] to provide due to being under their supervision." *Id.* Due to the failure of CDCR and parole offi-

cials to provide the medications, James began to self-medicate. He was arrested on February 4, 2012 for "personal consumption" but the charges were later dropped and he was reinstated on parole on February 13, 2012. On or about February 19, 2012, James began to hallucinate and had a psychotic episode, during which he attacked his father and other persons. Oakland police officers were dispatched, and took James into custody.[1]

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Due Process Clause does not generally confer upon the State affirmative duties of care and protection with respect to private citizens. *See DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 197 (1989). There is an exception to this rule, for situations in which the State stands in a special custodial relationship to the plaintiff:

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being. The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs-e.g., food, clothing, shelter, medical care, and reasonable safety-it transgresses the substantive limits on state action set by the Eighth Amendment and the

---

[1] In his complaint in *James v. Oakland Police Department*, No. C 13-011 SI, James alleged that the Oakland police arrested him on February 19, 2012.

2

Due Process Clause. The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf.

*Id.* at 199-200 (internal citations omitted). The State thus has an affirmative duty to protect a prisoner because it has limited his freedom to act on his own behalf. Courts have not, however, extended the affirmative duty to the parolee or probationer. The State has no comparable duty to take care of the basic needs of the parolee or probationer because it has not rendered the parolee or probationer unable to care for himself.

The basic premise of James' complaint is that parole officials had some sort of duty to provide medical care throughout his parole period. The Constitution imposes no such a duty on parole officials. Even if parole officials were aware of James' predicament or had indicated an intent to help him, the State has not imposed restraints that rendered James unable to care for himself or obtain medical care on his own. "In the substantive due process analysis, it is the State's affirmative act of restraining the individual's freedom to act on his own behalf -- through incarceration, institutionalization, or other similar restraint of personal liberty -- which is the 'deprivation of liberty' triggering the protections of the Due Process Clause, not its failure to act to protect his liberty interests against harms inflicted by other means." *DeShaney*, 489 U.S. at 200. The Ninth Circuit has recognized a limited duty to provide a prisoner leaving prison with a sufficient supply of his regular medication to give him time to consult a doctor and obtain a new supply of medication once he is released from prison. *See Wakefield v. Thompson*, 177 F.3d 1160, 1164 (9th Cir. 1999). The *Wakefield* case does not help James because he affirmatively alleges that he was provided enough medication for "a couple weeks" when he was released from prison – i.e., unlike the *Wakefield* plaintiff, James had enough of a supply to tide him over until he consulted a doctor on the outside and obtained a new supply of drugs. The State of California, the CDCR and various members of the parole team have no § 1983 liability for not providing medical or other support services during James' parole period.

/ / /

/ / /

# CONCLUSION

This action is dismissed because the complaint fails to state a claim upon which relief may be granted. Leave to amend has not been granted because it would be futile: the facts are fully described, and do not amount to a constitutional violation. In light of the dismissal of this action, plaintiff's motion for appointment of counsel is DENIED. (Docket # 2.)

The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 23, 2013

_____
SUSAN ILLSTON
United States District Judge